John D. Bennett, S.
This is a motion under subdivision 1 of rule 107 of the Rules of Civil Practice for an order dismissing the petition for a compulsory accounting presently before the court in this estate.
The petition herein is sworn to March 22,1961. The executrix served an answer to the petition on April 20, 1961 in which she denied that petitioner is a creditor of decedent, and by way of affirmative defenses has pleaded that the notice of claim herein served on March 24,1961 is insufficient to constitute a valid claim against the deceased, and also that said notice of claim was not presented within the time required under the provisions of the Surrogate’s Court Act.
By notice of motion served April 20,1961, the same date upon which her answer was served, the executrix instituted the present motion based upon the facts that letters testamentary were issued to her on April 2,1956, and the first knowledge which *704 she had concerning the present claim was sometime in 1960, some years after she had proceeded to distribute the funds of this estate.
Since the answer herein and the notice of motion wen- served on the same day, the court finds that preliminary issues of the status of the alleged creditor have been raised by both the answer and the motion. The first of the preliminary issues is whether the executrix had knowledge of the existence of the claim herein prior to the time fixed by section 208 of the Surrogate’s Court Act. This issue is raised by the answer which is deemed denied. The second preliminary issue is whether the alleged creditor is a creditor prima facie so as to entitle it to maintain this proceeding. These triable issues present the same questions which have been raised by the present motion.
Under the circumstances, the court finds that the burden is on the alleged creditor to prove its status by proving, first, that the executrix had knowledge of this claim prior to the expiration of the time fixed in section 208 of the Surrogate’s Court Act and, second, that it is a prima facie creditor. This may be accomplished at a preliminary hearing in this matter on a date to be fixed according to the rules of this court.
The motion to dismiss is denied at this time, without costs, and without prejudice.